UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

'09 APR 13 P2 :33

Michael Beaumont
3129 S 122nd St, unit 20
West Allis, WI 53227

And

Gloria Tagle
9421 S Nicholson Rd
Oak Creek, WI 53151

    Plaintiffs,

v.

Northstar Location Services, LLC
c/o CT Corporation System, Registered Agent
8040 Excelsior Drive, Suite 200
Madison, WI 53717

    Defendant.

Case No.: **09-C-0377**

JON W. SANFILIPPO
CLERK

Judge: ADELMAN

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, WISCONSIN CONSUMER ACT, AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff Gloria Tagle ("Gloria") is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Gloria incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. Plaintiff Michael Beaumont ("Michael") is Gloria's son.

5. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

1

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. Gloria is a "customer" as defined by Wis. Stat. § 421.301(17).

8. Gloria entered into a "consumer credit transaction" as defined by Wis. Stat. § 421.301(10).

9. As described below, Defendant attempted to collect from Plaintiffs an alleged debt arising out of the "consumer credit transaction" referenced above.

10. Defendant is a "debt collector" as defined by Wis. Stat. § 427.103(3).

11. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

12. In or around late August 2009, Defendant telephoned Michael in an attempt to collect Gloria's debt.

13. During this communication, Michael notified Defendant that Defendant could not reach Gloria at Michael's residence and refused to provide Defendant with further information.

14. Despite this notice, Defendant telephoned Michael on numerous occasions throughout September 2008.

15. During several of these communications, Michael again notified Defendant that Defendant could not reach Gloria at Michael's residence, but Defendant continued to call.

16. Defendant damaged Plaintiffs emotionally and mentally and caused Plaintiffs substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party more than once and is without justification for multiple contacts.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692d in that Defendant repeatedly or continuously telephoned Michael with the intent to annoy, abuse, and/or harass that person.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT FIVE

### Violation of the Wisconsin Consumer Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated Wis. Stat. § 427.104(1)(g) in that it communicated with Plaintiffs with such frequency and in such a manner as to threaten and/or harass Plaintiffs.

## COUNT SIX

### Violation of the Wisconsin Consumer Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated Wis. Stat. § 427.104(1)(h) in that it engaged in other conduct which can reasonably be expected to threaten or harass Plaintiffs.

## JURY DEMAND

30. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

31. Plaintiffs pray for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment against Defendant for actual damages and the statutory penalty pursuant to Wis. Stat. § 427.105(1).

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _____
Timothy J. Sostrin
233 S. Wacker Dr., Suite 5150
Chicago, IL 60606
Telephone: 866-339-1156
Fax: 312-822-1064
Email: tjs@legalhelpers.com
Attorneys for Plaintiff